United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS G. [1],<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:25-cv-215 |
| FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION AFFIRMING THE DECISION OF THE ALJ TO DENY SOCIAL SECURITY BENEFITS**

Plaintiff Jesus G. filed a Complaint in this Court after the Defendant Commissioner of Social Security denied his application for Supplemental Security Income under Title XVI of the Social Security Act. Dkt. No. 1. Before the Court are Plaintiff Jesus G.'s "Memorandum Brief in Support of Reversal or Remand of Administrative Agency Action" (Dkt. No. 14) and Defendant Commissioner's "Defendant's Brief" (Dkt. No. 17). Because the Court finds that the Commissioner's decision is supported by substantial evidence on the record as a whole, the Court recommends that the final decision denying benefits to Plaintiff Jesus G. be affirmed.

BACKGROUND

Plaintiff filed an application for supplemental security income benefits on September 29, 2023, alleging disability beginning February 20, 2023. Dkt. No. 7-6 at 2-3[2]. Plaintiff also filed an application for disability benefits on October 2, 2023, alleging disability beginning on February 20, 2023. Dkt. No. 7-6 at 17. On May 20, 2025, an Administrative Law Judge ("ALJ") held a hearing. Dkt. No. 7-3 at 38-54. On June 10, 2025, the ALJ issued a decision

---

[1] Due to significant privacy concerns in social security cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the claimant only by first name and last initial.

[2] The citation to the record refers to the Bates-stamped number on each record page.

finding that Plaintiff has not been under a disability. Dkt. No. 7-3 at 15-27. The Appeals Council denied review. Dkt. No. 7-3 at 2. Accordingly, the ALJ's decision is final and ripe for judicial review.[3]

APPLICABLE LAW

The Social Security statute provides the standard of judicial review of this Court for any final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g). In particular, federal courts limit their analysis of the Commissioner's decision to deny an application for social security disability applications to two questions: "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000).

Regarding the evidentiary standard, substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990). When applying the substantial evidence standard, a court does not "reweigh the evidence in the record, not try the issues *de novo*, nor substitute [its] judgment for that of the [Commissioner's]." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "Conflicts within the evidence are not for the court to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The ALJ's decision must stand or fall on the rationale set forth in the ALJ's opinion. *Newton v. Apfel*, 209 F.3d 455, 458 (5th Cir. 2000). If the Commissioner's findings use the relevant legal standards and are supported by substantial evidence, the findings are conclusive and so must be affirmed. 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

The Social Security Act defines disability as "the inability to engage in any

[3] When the Appeals Council declines review of the Administrative Law Judge's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005).

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Fifth Circuit Court of Appeals has summarized the Commissioner's approach to determine whether a claimant is disabled as the following:

> the Commissioner uses a sequential, five-step approach [:] (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The initial burden of proof lies with the claimant in the first four steps and the burden shifts to the Commissioner at the fifth step. *Bowling v. Shalala*, 36 F.3rd 431, 435 (5th Cir. 1994). *See id.* "Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ('RFC'), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record." *Smith v. Comm'r of Soc. Sec.*, No. 4:23-CV-01953, 2024 WL 922783, at *2 (S.D. Tex. Mar. 4, 2024), report and recommendation adopted, No. 4:23-CV-01953, 2024 WL 1201626 (S.D. Tex. Mar. 20, 2024) (citing *Kneeland*, 850 F.3d at 754). The ALJ also uses the RFC to "in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Kneeland*, 850 F.3d at 754.

THE ALJ'S DECISION

At Step 1, the ALJ found that "since the alleged onset date" Plaintiff "has not had earnings that rise to the specific levels set out in the regulations to constitute substantial gainful activity." Dkt. No. 7-3 at 17.

At Step 2, the ALJ found that Platiniff suffered "has the following severe impairments: major depressive disorder; generalized anxiety disorder; panic disorder; and substance use disorder[.]" Dkt. No. 7-3 at 18.

At Step 3, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.*

Next, the ALJ determined Plaintiff's RFC as follows:

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can understand, remember, and carry out detailed but not complex instructions; he can occasionally interact with supervisors, coworkers, and the public; and he can deal with occasional changes in a routine work setting.

*Id.* at 20.

At Step 4, the ALJ found that Plaintiff "has no past relevant work." *Id.* at 25. Additionally, the ALJ noted that Plaintiff "has at least a high school education." *Id.*

The ALJ took testimony from a vocational expert ("VE"), asking "whether jobs exist in the national economy for an individual with the [Plaintiff]'s age, education, work experience, and residual functional capacity." *Id.* at 26. The VE testified that such an individual "would be able to perform the requirements of representative occupations such as:" Motor Vehicle Assembler, Floor Waxer, and Hand Packager. *Id*. Based on this testimony, the ALJ found that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* Accordingly, the ALJ found that based on the Medical-Vocational Guidelines, Plaintiff "not disabled" from the alleged onset date to the date of the decision. *Id.*

DISCUSSION

Plaintiff raises the following issue for review: the "ALJ's symptom assessment violated the regulations and SSR 16-3p and is not supported by substantial evidence." Dkt. No. 14 at 2, 10. In particular, Plaintiff contests that the ALJ erred by "(A) relying on minimal daily activities to infer the ability to perform full-time work, (B) failing to adequately consider Mr. Gonzales's medication side effects, and (C) failing to consider steady changes or increases in medications, all of which demonstrated the severity of Mr. Gonzales's symptoms[.]" *Id.* at 2.

While the Court is certainly sympathetic to Plaintiff's situation, the Court may only

reverse the Commissioner's decision if there is a legal error or a lack of substantial evidence. In this case, the Court finds that the ALJ's decision does stand on the rationale set forth in the ALJ's opinion, *Newton*, 209 F.3d at 458, so the ALJ's decision is supported by substantial evidence.

Plaintiff contests that the ALJ relied on his minimal daily activities to infer Plaintiff's ability to perform full-time work. Dkt. No. 2 at 11-13. Plaintiff argues that the ALJ considered "minimal daily activities" in his decision such as the following: "preparing meals, buying groceries and personal necessities, dressing, bathing, taking medications, [and] performing other personal care tasks daily and independently[.]" Dkt. No. 14 at 11. Even if characterized as "minimal daily activities," the Court notes that the ALJ considered more than evidence than this in reaching the final decision. For instance, the ALJ considered Plaintiff's "mental status/psychiatric screenings" but concluded that "they do not reflect worse than mild difficulties with memory, understanding or applying[.]" Dkt. No. 7-3 at 19. In addition, the ALJ still acknowledges that Plaintiff "'has a moderate limitation' in several matters such as in understanding, remembering or applying formation; in interacting with others; and with concentrating, persisting or maintaining pace." Dkt. No. 7-3 at 19. With these considerations, the ALJ finds that Plaintiff does indeed face limitations "to work involving non-complex instructions, limited social interaction and limited changes in work routine/setting[.]" However, the ALJ finds that those limitations will "adequately account[] for any restrictions imposed by these impairments." Dkt. No. 7-3 at 23. Given this reasoning from the ALJ, the Court finds the ALJ did not rely only upon Plaintiff's daily activities when reaching his conclusions.

Plaintiff also contests the ALJ did not adequately consider the side effects of his medication. Dkt. No. 14 at 2. However, the ALJ reasons that the side effects Plaintiff stated in his testimony "are not reflected in the treatment/visit notes[,]" because no tremors or other abnormal movements were noted. Dkt. No. 7-3 at 23. Further, the ALJ notes that Plaintiff "often denied any side effects to his treating providers." Dkt. No. 7-3 at 23. Given these considerations, the Court finds that the ALJ did consider Plaintiff's side effects adequately even though the ALJ found the side effects did not limit Plaintiff as Plaintiff

claimed.

Lastly, Plaintiff contests the ALJ also failed to consider the steady changes or increases in his medications, arguing that these factors demonstrated the severity of his symptoms. Dkt. No. 14 at 2. However, the ALJ did consider Plaintiff's treatment routine. Dkt. No. 7-3 at 23. The ALJ reasoned that "although [Plaintiff] has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature[.]" The ALJ then relied on this reasoning to state that Plaintiff's treatment routine "demonstrates that the impairments are not as limiting as has been alleged." Dkt. No. 7-3 at 23. The ALJ specifically noted that

> most of the claimant's treatment since the alleged onset date has consisted of recently-started medication management and counseling (Exhibits 18E; 6F, 9F generally), and the evidence as referenced above shows that this relatively conservative therapy provides adequate relief of the alleged symptoms (e.g., noted to have improved memory, concentration, energy and/or appetite; residual depressive and anxiety symptoms but some improvement; depression "milder," improved; denies any acute depression, denies hallucinations, mood overall "getting there" and "balancing out") (Exhibits 6F/59, 66, 95; 9F/13, 50).

Given this consideration paid to Plaintiff's treatment, the Court is able to build a logic bridge between the evidence and the ALJ's finding.

Ultimately, the Court finds the ALJ's determination that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" is supported by substantial evidence. Dkt. No. 7-3 at 18. Because of this finding and the Court's limited ability to review the Commissioner's denial of an application of social security benefits, the Court recommends affirming the decision of the Commissioner.

## RECOMMENDATION

It is RECOMMENDED that the Court AFFIRM the decision of the Social Security Commissioner and DIRECT the Clerk of Court to close this case.

## NOTICE TO THE PARTIES

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objection must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 16, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge